IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE CRAYTON, ID # 918103,<br>    Plaintiff,<br>vs.<br><br>CRAIG WATKINS, et al.,<br>    Defendants. | )<br>)<br>)   No. 3:10-CV-1557-N-BH<br>)<br>)<br>)   Referred for Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management.

### I. BACKGROUND

On or about July 16, 2010, Plaintiff filed this action under 28 U.S.C. § 1651 and 42 U.S.C. § 1983 against Dallas County District Attorney Craig Watkins and three of his assistant prosecutors in their official capacities. (*See* Compl. at 1, 3.) He claims that the defendants have denied him access to biological evidence, and he wants the Court to order them to release and transfer it for post-conviction DNA testing. (*See id.* at 3-4.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

Because Plaintiff, a prisoner in the Texas prison system, has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. ALL WRITS ACT

Plaintiff first claims that the Court has jurisdiction over this action under the All Writs Act, 28 U.S.C. § 1651. (Compl. at 1.) However, § 1651 does not provide an independent jurisdictional basis for bringing an action in federal court. *See Morris v. T E Marine Corp.*, 344 F.3d 439, 443 (5th Cir. 2003) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002)). This action may therefore not proceed independently under § 1651.

### IV. SECTION 1983

Plaintiff also asserts 42 U.S.C. § 1983 as a basis for his action to obtain post-conviction DNA testing. (Compl. at 1, 3-4.) That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

The Fifth Circuit has held that because a prisoner's request for DNA testing of evidence relating to his conviction is "'so intertwined'" with the merits of his conviction, the claim is only cognizable in a habeas corpus action. *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir.

2

2002); *accord Skinner v. Switzer*, 363 F. App'x 302, 303 (5th Cir.) (per curiam) (unpublished), *cert. granted*, 130 S. Ct. 3323 (2010); *Richards v. Dist. Attorney's Office*, 355 F. App'x 826, 826 (5th Cir. 2009). *Kutzner* remains binding at this time. Because Plaintiff may not seek post-conviction DNA testing through § 1983, he has failed to state a § 1983 claim upon which relief can be granted, and this action should be dismissed.[1]

## V. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). He may not pursue post-conviction DNA testing in federal court except through habeas corpus so long as *Kutzner* remains good law. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

**SIGNED this 21st day of August, 2010.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] In some circumstances, courts may construe a § 1983 action for DNA testing as a petition for writ of habeas corpus, but Plaintiff's filings in this case clearly show that he intended to file a non-habeas civil action. Also, he already had a pending consolidated habeas action that raised claims related to DNA testing at the time he filed this case. *See Crayton v. Thaler*, Nos. 3:08-CV-332-L, 3:10-CV-1813-L, 3:10-CV-1907-L, 2010 WL 2899149, at *1-3 (N.D. Tex. July 1, 2010) (recommending dismissal for failure to exhaust state remedies), *accepted by* 2010 WL 2899141 (N.D. Tex. July 22, 2010). For these reasons, there is no need to construe this case as a habeas action.

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE